# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CITIZENS PROPERTY INSURANCE CORPORATION,

Petitioner,

v.

HAMID NEKOUEE,

Respondent.

No. 2D2025-2866

_____

August 14, 2026

Petition for the Writ of Certiorari to the Circuit Court for Pasco County; Alicia Polk, Judge.

Jesse Dyer, Ricky L. Polston, and Daniel E. Nordby of Shutts & Bowen LLP, Tallahassee; and Garrett A. Tozier of Shutts & Bowen LLP, Tampa, for Petitioner.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for Respondent.

LaROSE, Judge.

> "When *I* use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean— neither more nor less."

> "The question is," said Alice, "whether you can make words mean so many different things."

> "The question is," said Humpty Dumpty, "which is to be master—that's all."

Lewis Carroll, *Through the Looking-Glass, and What Alice Found There*, 54 (London, Macmillan & Co. 1871).

Professor Dumpty's pedantic exposition on linguistic subjectivity ignores the fact that words have shared, common meanings. And, in the legal realm, that is for good reason. The legislature, as master, codifies words into the laws that bind us. Accordingly, we all must know what they mean. *Cf. Matthews v. Polar Corp.*, No. 22-cv-649, 2023 WL 4534543, at *9 (N.D. Ill. Mar. 22, 2023) ("Words have meaning, and the ability to stretch the meaning of words has its limits. They do not have infinite pliability. Words create mischief if they're stretched too far. Words don't mean whatever we want them to mean.").

This proceeding is about words. Citizens Property Insurance Corp. seeks certiorari relief from an order denying its motion to dismiss a lawsuit filed by its insured, Hamid Nekouee. Citizens asserts that Mr. Nekouee failed to provide presuit notice before suing. Citizens reminds us that this notice is "a condition precedent to filing a suit under a property insurance policy." *See* § 627.70152(3)(a), Fla. Stat. (2022). Section 627.70152(1) informs us that presuit notice "applies . . . to all suits arising under a residential . . . property insurance policy."

Mr. Nekouee counters that the "all" does not really mean "all." He contends that because he sought only declaratory relief, presuit notice was not required. He also asserts that his lawsuit did not "aris[e] under" the insurance policy.

We grant the petition and quash the trial court's order. "[A]ll suits" means "all suits"–neither more nor less. Thus, we hold that even when a declaratory judgment suit does not seek monetary relief, section 627.70152 requires presuit notice. We also conclude that the lawsuit arises under Mr. Nekouee's insurance policy.

2

## Background

Citizens insured Mr. Nekouee's home.  Mr. Nekouee filed a claim after the property sustained hurricane damage.  After an inspection, Citizens determined that the amount of loss was less than the policy's deductible.  Consequently, it denied the claim.

Dissatisfied, Mr. Nekouee hired an adjuster who concluded that the amount of loss easily exceeded the deductible.  Mr. Nekouee asked Citizens to reconsider its position.  It refused.

Mr. Nekouee then demanded appraisal under the policy.  Each party hired an appraiser; if they agreed on the amount of loss, the amount would be memorialized in a binding Appraisal Award.

As luck would have it, the appraisers agreed.

But Mr. Nekouee refused to sign the Appraisal Award form; he objected to its language.  He accused Citizens of "refusing to complete the appraisal process unless a release, masquerading as an appraisal form, is used."

So, he filed a declaratory judgment lawsuit.  Importantly, he did not seek damages.  Instead, he wanted a declaration that the Appraisal Award form imposed extracontractual conditions on him.  More specifically, Mr. Nekouee requested a judicial determination "as to the existence or non-existence of rights under the Policy and Florida Law and the enforceability of the [Appraisal Award f]orm, and . . . a declaration as to [his] rights relative to the [Appraisal Award f]orm."

Citizens moved to dismiss the complaint, arguing that Mr. Nekouee failed to provide presuit notice.  *See* § 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the [Department of Financial Services] with written notice of intent to initiate litigation on a form provided by the department.").

Mr. Nekouee responded that presuit notice was not required. Relying on *Bristol West Insurance v. MD Readers, Inc.*, 52 So. 3d 48, 51 (Fla. 4th DCA 2010), he posited that "[p]laintiffs are not required to file such Notice when they solely seek clarification of the subject policy without monetary relief." Surprisingly, Mr. Nekouee contended that he did not even know "if there is . . . a dispute that warrants a presuit notice."[1]

After a hearing on Citizens' motion, the trial court denied relief:

> Okay. I am – I am going to deny [Citizens'] motion to dismiss . . . .
> . . . [N]umber one, there is no monetary damages requested; number two, we don't know if there is a dispute yet. It seems like this is just for clarification and trying to figure out if there even is a dispute. Three – and, when I am looking at the Statute, under notice, it says what must be given in the notice, and it talks about the acts or omissions of the insurer giving rise to the suit.
> . . . .
> . . . [W]e have no idea what they would be because we don't even know if there is a dispute yet.

## Discussion

### I.    The Contours of Certiorari

"Certiorari review of interlocutory orders is an extraordinary remedy that should be granted only in very limited circumstances." *Paton v. GEICO Gen. Ins.*, 190 So. 3d 1047, 1052 (Fla. 2016). Accordingly, certiorari relief is appropriate "only when the petitioner

---

[1] Apparently, Mr. Nekouee believes that the disagreement over the Appraisal Award form is not a "dispute." Odd. *See Dispute, Black's Law Dictionary* (12th ed. 2024) (defining "dispute" as "[a] conflict or controversy, esp[ecially] one that has given rise to a particular lawsuit"). Even his lawyer conceded that "this is a case where . . . the insured, invoked appraisal. **During the appraisal process a dispute has come up regarding the form to be used**." (Emphasis added.)

4

establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." *DeLoach v. Aird*, 989 So. 2d 652, 654 (Fla. 2d DCA 2007).

We have "recognized that an order dispensing with a statutorily mandated presuit procedure, which is a condition precedent to a legal proceeding, may be reviewed by a writ of certiorari," because "[s]uch statutes cannot be meaningfully enforced postjudgment because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance." *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 649 (Fla. 2d DCA 1995); *see also Brundage v. Evans*, 295 So. 3d 300, 303 (Fla. 2d DCA 2020) ("We have jurisdiction because the deficiencies in the presuit notice requirements asserted by Defendants in this case constitute the type of irreparable harm for which certiorari lies."); *Citizens Prop. Ins. v. Walden*, 395 So. 3d 216, 217-18 (Fla. 3d DCA 2024) (reasoning that an order denying an insurer's motion to dismiss for an insured's failure to comply with section 627.70152's presuit notice requirement is reviewable by certiorari).[2]

## II.    "All suits" means "all suits"

We review the trial court's interpretation of a statute de novo. *See Braine v. State*, 255 So. 3d 470, 471 (Fla. 2d DCA 2018). For guidance, "we follow the 'supremacy-of-text principle'—namely, the principle that

---

[2] The Third District observed that *Walden*, 395 So. 3d at 217, presented an issue of first impression. Yet, it did not decide whether presuit notice applied to declaratory judgment actions. *Id.* at 218. Rather, the Third District concluded that "Walden's amended complaint plainly alleges a thinly veiled breach of contract claim against Citizens that seeks damages for Citizens's [sic] alleged failure to make a sufficient loss payment for a covered claim." *Id.* Seemingly, we are the first to squarely address the issue that the Third District skirted.

'[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.' " *Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020) (alteration in original) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). "Consequently, we 'strive to determine the text's objective meaning through "the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued." ' " *Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021) (alteration in original) (quoting Scalia & Garner, *supra*, at 33).

Section 627.70152 states in relevant part:

> **(1) Application.**—This section applies exclusively to all suits arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer.
>
> . . . .
>
> **(3) Notice.**—
>
> (a)  As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. . . .  The notice must state with specificity all of the following information:
>
> . . . .
>
> 2.  The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
>
> 3.  If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
>
> 4.  If the notice is provided following a denial of coverage, an estimate of damages, if known.
>
> 5.  If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
>
> a.  The presuit settlement demand, which must itemize the damages, attorney fees, and costs.

6

> b.  The disputed amount.
>
>      . . . .
>
> **(5)  Dismissal of Suit.**—A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section . . . .

The words "all suits" encompass "all suits."  After all, general terms (such as "all") must be afforded their general meaning.  *See* Scalia & Garner, *supra*, at 101 (explaining that under the "general-terms canon" of statutory interpretation, "the presumed point of using general words is to produce general coverage—not to leave room for courts to recognize ad hoc exceptions" and that "in the end, general words are general words, and they must be given general effect"); *see also Lenzi v. Regency Tower Ass'n*, 250 So. 3d 103, 105 (Fla. 4th DCA 2018) (applying the "general-terms canon").

The trial court erred in concluding otherwise.  Its cramped reading of the statute ignores the plain, ordinary, and expansive scope of the word "all."  *See All*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/all (last visited July 8, 2026) (defining "all" as "the whole amount, quantity or extent of," "every member or individual component of," and "every"); *see also Harrington v. Citizens Prop. Ins.*, 54 So. 3d 999, 1001 (Fla. 4th DCA 2010) (explaining that undefined "terms 'should be given their plain and unambiguous meaning as understood by the "man-on-the-street" ' " (quoting *State Farm Fire & Cas. Co. v. Castillo*, 829 So. 2d 242, 244 (Fla. 3d DCA 2002))).

We are hard-pressed to see how section 627.70152(1) excludes declaratory judgment lawsuits.  They are a type of "suit."  *See Byrd v. Black Voters Matter Capacity Bldg. Inst., Inc.*, 339 So. 3d 1070, 1078 (Fla.

7

1st DCA 2022) ("A suit for declaratory judgment—aside from the relief typically sought—is no different than any other civil suit.").  In fact, "Black's Law Dictionary defines 'suit' as '[a] generic term, of comprehensive signification, referring to any proceeding by one person or persons against another or others in a court of law.' "  *Kel Homes, LLC v. Burris*, 933 So. 2d 699, 702 (Fla. 2d DCA 2006) (alteration in original); *see also Brinker v. Ludlow*, 379 So. 2d 999, 1001 (Fla. 3d DCA 1980) ("In a legal sense, the terms 'case,' 'cause,' 'action,' and 'suit' are convertible terms, each meaning a proceeding in court.  They are generally understood as meaning a judicial procedure for the determination of a controversy between parties where rights are enforced and protected, or wrongs are prevented or redressed." (quoting 1 Fla. Jur. 2d *Actions* § 2 (1964))).

We have repeatedly referred to a declaratory judgment action as a "suit."  *See, e.g.*, *Johnson v. Carroll Oaks Homeowners Ass'n*, 409 So. 3d 183, 185 (Fla. 2d DCA 2025) (discussing another case's "holding that a declaratory judgment suit may constitute enforcement"); *CNJ Realty Assocs. v. Yankiv*, 399 So. 3d 1240, 1243 (Fla. 2d DCA 2025) ("CNJ did not return the deposit, leading the Yankivs to file suit for a declaratory judgment . . . ."); *Logan v. Logan*, 397 So. 3d 1144, 1147 (Fla. 2d DCA 2024) ("Jonathan and Janice filed suit against each other for declaratory relief . . . .").

Seemingly, to support its mistaken ruling, the trial court believed that the statutorily prescribed notice contents were inapplicable.  *See* § 627.70152(3)(a)1-5.  We disagree.

Section 627.70152(3)(a) requires information important to the evaluation and resolution of a yet-to-be-filed lawsuit.  For example, section 627.70152(3)(a)(2) requires the claimant to describe the "alleged

8

acts or omissions" giving rise to the anticipated suit. Mr. Nekouee alleged that Citizens' Appraisal Award form conflicts with the policy's terms. Mr. Nekouee seeks no damages. Yet, the loss involved is the agreed upon but unpaid appraisal amount. *See* § 627.70152(3)(a)4. We also note that an estimate of attorney's fees and costs incurred is relevant to the parties' efforts to strike a settlement. *See* § 627.70152(3)(a)5.a.

Mr. Nekouee's reliance on *Bristol West Insurance*, 52 So. 3d at 48, is misplaced. That case does not express a categorical rule that would absolve Mr. Nekouee of his obligation to submit a presuit notice, even if he seeks no monetary damages in a declaratory judgment lawsuit. Importantly, section 627.70152 was not even in play in *Bristol West Insurance*. *See id.* at 50-51. Rather, that case involved section 627.736(11)(a), Florida Statutes (2003). And that statute required presuit notice before filing "any action for [personal injury protection] benefits." *See Bristol W. Ins.*, 52 So. 3d at 51 (explaining that "because the declaratory judgment seeks no damages whatsoever, it is not an 'action for benefits' ").

In contrast, section 627.70152(1) is not so limited. Had the legislature intended to corral the reach of section 627.70152, we assume it knew how to do so. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."). Unfortunately for Mr. Nekouee, *Bristol West Insurance* does not carry the load.

## III.   "Arising Under"

9

Mr. Nekouee largely elides whether "all suits" means "all suits." Instead, he now focuses on the "more important and qualifying phrase 'arising under. ' " *See* § 627.70152(1) ("This section applies exclusively to all suits *arising under* a residential . . . insurance policy . . . ." (emphasis added)).

Mr. Nekouee's argument that his suit "does not 'arise under' her [sic] residential insurance policy" is unconvincing. Indeed, his complaint alleged that "an actual bona-fide controversy" existed regarding policy terms.

Mr. Nekouee supports his position with cases involving arbitration contracts. *See Kennedy v. Slockett*, 414 So. 3d 318, 321 (Fla. 2d DCA 2025) (observing that " 'clauses including all claims or controversies "arising out of" the subject contract' limit arbitration to 'claims having some direct relation to the terms and provisions of the contract' " whereas "the phrase 'arising out of or relating to' the contract has been interpreted broadly to encompass virtually all disputes between the contracting parties, including related tort claims" (quoting *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636, 637 (Fla. 1999))). He urges a narrow construction of "arising under."[3]

Under Mr. Nekouee's preferred construction, we must conclude that his lawsuit "arises under" the policy.

---

[3] Mr. Nekouee argues that the rule of lenity favors his preferred construction. Generally, however, the rule applies to criminal matters. *See The Fla. Bar v. St. Louis*, 967 So. 2d 108, 122 (Fla. 2007) ("Typically, the rule of lenity, as codified in section 775.021, Florida Statutes (2006), only applies in the criminal context."). *But see N. Carillon, LLC v. CRC 603, LLC*, 135 So. 3d 274, 279 (Fla. 2014) (applying the rule of lenity in the civil context because "a[n ambiguous] statute that establishes the basis for both civil liability and criminal liability cannot have one meaning in civil cases and another meaning in criminal cases").

Where, as here, "a statutory term is undefined, we may consult dictionary definitions to help us discern the term's plain and ordinary meaning." *Kidwell Grp., LLC v. ASI Preferred Ins.*, 351 So. 3d 1176, 1178 (Fla. 2d DCA 2022). We turn to a trusted source. *See XYZ 300, LLC v. City of St. Petersburg*, 429 So. 3d 136, 139 (Fla. 2d DCA 2024). *Black's Law Dictionary* alternately defines "arise" as "[t]o originate; to stem (from) <a federal claim arising under the U.S. Constitution>" and "[t]o result (from) <litigation routinely arises from such accidents>." *Arise, Black's Law Dictionary* (12th ed. 2024). Further, *Black's Law Dictionary* defines "under" in relevant part as "[a]ccording to; in accordance with; pursuant to <under the terms of the agreement>." *Under, Black's Law Dictionary* (12th ed. 2024).

Mr. Nekouee stresses that the Appraisal Award form altered the policy terms. He wants a court to clarify those terms. Solving the dispute will require contract interpretation. *See Seifert*, 750 So. 2d at 636-37 (citing approvingly *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983), in which the Ninth Circuit quoted *In re Kinoshita & Co.*, 287 F.2d 951, 953 (2d Cir.1961), for the proposition that when an arbitration clause "refers to disputes or controversies 'under' or 'arising out of' the contract," arbitration is restricted to "disputes and controversies relating to the interpretation of the contract and matters of performance"). It is obvious, therefore, that interpretation of the policy terms is at the heart of the disposition of Mr. Nekouee's declaratory judgment lawsuit.

## Conclusion

Section 627.70152 requires presuit notice in "all suits" before filing a lawsuit arising under a residential property insurance policy. Mr. Nekouee's declaratory judgment lawsuit is such a suit.

11

Mr. Nekouee failed to provide the necessary notice. The trial court departed from the essential requirements of the law in failing to dismiss the suit. *See* § 627.70152(5).

We grant the petition and quash the trial court's order.

Petition granted; order quashed.


MORRIS and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.